UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T. MARK WHITNEY, et al., ) | Case No. 2:12-cv-00341-GMN-PAL |
| Plaintiffs, ) | **ORDER** |
| vs. ) | (Mtn to Compel - Dkt. ##27, 28) |
| ACCESSIBLE SPACE, INC., et al., ) | |
| Defendants. ) | |

The court held a hearing on Defendant Accessible Space, Inc.'s Motion to Compel Discovery Responses from Plaintiff C.W. and for Sanctions (Dkt. #27) and Defendant's Motion to Compel Discovery Responses from Plaintiff Sharon Whitney and for Sanctions (Dkt. #28), both filed June 18, 2013. Defendant Jeffrey Long appeared on behalf of Defendant Accessible Space, Inc. No one appeared on behalf of Plaintiff C.W. or Sharon Whitney. Plaintiff's counsel, Stephen Bowers, received electronic notice of the hearing on June 24, 2013, at 4:44 p.m. *See* Receipt of Transmission, attached to this Order as Exhibit 1.

The Motions request the court compel Plaintiffs C.W. and Sharon Whitney to respond to Interrogatories and Requests for Production of Documents propounded by Defendant on January 15, 2013. No response to the Motions were filed, and the time for filing one has run. Local Rule 7-2(d) of the Local Rules of Civil Practice provides that the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion. Accordingly,

**IT IS ORDERED**:

1. Defendant's Motions to Compel (Dkt. ##27, 28) are GRANTED.

///

2. Plaintiffs C.W. and Sharon Whitney shall have until **July 30, 2013,** to provide complete responses, to Defendant Accessible Space, Inc's Interrogatories and Requests for Production of Documents.

3. Failure to comply with this Order may result in sanctions up to and including a recommendation to the district judge that this case be dismissed for failure to respond to long overdue discovery requests, failure to prosecute, failure to respond to the motions and failure to comply with this order..

4. Counsel for Defendant shall, no later **July 30, 2013,** serve and file a memorandum, supported by the affidavit of counsel, establishing the amount of attorneys' fees and costs incurred in bringing its Motions. The memorandum shall provide a reasonable itemization and description of the work performed, identify the attorney(s) or other staff member(s) performing the work, the attorney(s) or staff member(s) customary fee for such work, and the experience, reputation and ability of the attorney performing the work. The attorney's affidavit shall authenticate the information contained in the memorandum, provide a statement that the bill has been reviewed and edited, and a statement that the fees and costs charged are reasonable.

5. Counsel for Plaintiffs shall have until **August 13, 2013,** in which to file a responsive memorandum addressing the reasonableness of the costs and fees sought and any equitable considerations deemed appropriate for the court to consider in determining the amount of costs and fees which should be awarded.

6. Counsel for Defendant need not file a reply memorandum.

Dated this 16th day of July, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE