UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| T. MARK WHITNEY, et al.,<br><br>                  Plaintiff,<br><br>vs.<br><br>ACCESSIBLE SPACE, INC., et,<br><br>                  Defendants. | Case No. 2:12-cv-00341-GMN-PAL<br><br>**ORDER AND<br>ORDER TO SHOW CAUSE**<br><br>(Memorandum for Sanctions - Dkt. #33) |

This matter is before the court on Defendant Accessible Space, Inc.'s Memorandum in Support of Request for Sanctions (Dkt. #33) filed on July 23, 2013. The court has considered the Memorandum and the supporting Declaration of Jeffery C. Long.

## BACKGROUND

Defendant filed a Motion to Compel Discovery Responses from Plaintiff C.W. (Dkt. #27) and a Motion to Compel Discovery Responses from Plaintiff Sharon Whitney (Dkt. #28) on June 18, 2013. No responses to the Motions were filed. The court held a hearing on the Motions on July 16, 2013. *See* Minutes of Proceedings (Dkt. #30). Neither Plaintiffs nor their counsel appeared at the hearing. *Id.* The court attempted to reach Plaintiff's counsel telephonically, without success. *Id.* The court granted both Motions to Compel. *Id.* Defense counsel filed the instant Memorandum of Fees in compliance with the court's instructions. Plaintiffs have not filed an objection or response as directed. The court has confirmed that Plaintiffs' counsel, Mr. Stephen A. Bowers, received electronic notice of the court's Orders (Dkt. #30, 32). *See* Confirmation of Electronic Service to Mr. Bowers' e-mail address, attached hereto as Exhibit A. According to the Declaration of Mr. Long, Plaintiffs have still not complied with the court's Orders directing they provide responses to Defendants' written discovery requests.

///

I. **Memorandum of Attorney's Fees.**

When a motion to compel pursuant to Rule 37 is granted the court *shall*, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party all reasonable expenses incurred, including attorney's fees. Fed. R. Civ. P. 37(a)(4)(A). Furthermore, Local Rule of Civil Practice 7-2(d) provides: "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." LR 7-2. Plaintiffs have failed to oppose Defendant's request for sanctions or request an extension of time in which to file a response.

The Ninth Circuit affords trial courts broad discretion in determining the reasonableness of costs and fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). Although the district court has discretion in determining the amount of the fee award, it must calculate awards for attorneys fees using the "lodestar" method. *Camacho v. Bridgeport Financial, Inc.,* 523 F.3d 973, 978 (9th Cir. 2008). The lodestar is calculated by multiplying the number of hours the prevailing party reasonably expended by a reasonable hourly rate. *Id*. The district court may, in rare cases, if the circumstances warrant, adjust the lodestar to account for other factors which are not subsumed within it. *Id*. These factors were set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). Relevant factors include the preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and results obtained; the undesirability of the case;[1] the nature and length of the professional relationship with the client; and awards in similar cases. *Id*. at n.1. In most cases, the lodestar figure is a presumptively reasonable fee award. *Camacho,* 523 F.3d at 978.

As a general rule, the court considers the reasonable hourly rate in the relevant community which is the forum in which the case is pending. *Id*. The court may consider rates outside the forum if

---

[1]This factor has been called into question by the Supreme Court's ruling in *City of Burlington v. Dague,* 505 U.S. 557, 561-564 (1992). *See also Davis v. City & Cty. of San Francisco*, 976 F.2d 1536, 1546 n.4 (9th Cir. 1992), *vacated on other grounds,* 984 F.2d 345 (9th Cir. 1993) (noting "[t]he *Dague* opinion can also be read as casting doubt on the relevance of a case's desirability to the fee calculation") (internal quotation marks omitted).

1   local counsel was unavailable because they lacked the degree of experience, expertise, or specialization
2   required to properly handle the case. *Id.* (citing *Barjon v. Dalton*, 132 F.3d 496, 500 (9th Cir. 1997)).
3          The United States Supreme Court has recognized that determining an appropriate market rate
4   for the services of a lawyer is inherently difficult for a number of reasons. *Blum v. Stenson*, 465 U.S.
5   886, 895 n.11 (1984). Traditional supply and demand principles do not ordinarily apply to prevailing
6   market rates for the services of lawyers. *Id.* The hourly rates of lawyers in private practice varies
7   widely. *Id.* The type of services provided by lawyers, as well as their experience, skill, and reputation,
8   varies extensively, even within a law firm. *Id.* The fee is usually discussed with the client and may be
9   negotiated. *Id*. In determining the reasonableness of attorneys fees, the hourly rate is now generally
10  recognized. However, "courts properly have required prevailing attorneys to justify the reasonableness
11  of the requested rate or rates." *Id*. In *Blum*, the Supreme Court stated that "[t]o inform and assist the
12  court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory
13  evidence–in addition to the attorneys' own affidavits–that the requested rates are in line with those
14  prevailing in the community for similar services by lawyers of reasonably comparable skill, experience,
15  and reputation." *Id.*
16         The Ninth Circuit has stated that affidavits of the fee applicant's attorneys and other attorneys
17  regarding prevailing fees in the community, and rate determinations in other cases, are satisfactory
18  evidence of the prevailing market rate. *Camacho*, 523 F.3d at 980 (citing *United Steel Workers of Am.*
19  *v. Phelps Dodge Corp.,* 896 F.2d 403, 407 (9th Cir. 1990)) (internal quotation marks omitted).
20  However, declarations of the fee applicant do not conclusively establish the prevailing market rate. *Id*.
21         The court has reviewed the Memorandum in Support of Sanctions and finds defense counsel's
22  fees are reasonable. The court will not, however, award Defendant the costs or fees associated with
23  defense counsel's travel to and from Las Vegas, Nevada, from Sacramento, California, or his return
24  travel. Mr. Long's filing represents that he maintains an office in Las Vegas, Nevada, and practices in
25  both Nevada and California. Additionally, the undersigned routinely permits counsel to appear
26  telephonically at hearings, particularly where opposing counsel has not filed an opposition. Therefore,
27  the court will not award travel costs as sanctions. Finally, the hearing itself was set for 11:00 a.m.,
28  started at 11:08 a.m. because the case before it ran late, and lasted only three minutes and two seconds.

As opposing counsel did not file a response, the time preparing for a non-contested hearing will be reduced to .5 hours. The court will award sanctions at counsel's standard rate for one hour of court time to account for local travel to and from the hearing. Therefore, the court will sanction Plaintiffs and award Defendant the following fees, in the total amount of $1716.00:

| Task | Amount |
| --- | --- |
| Draft/revision of Motion to Compel (Dkt. #27) - 3.8 hours | $511.50 |
| Draft/revision of Motion to Compel (Dkt. #28) - 3.1 hours | $627.00 |
| Preparation for hearing - .5 hours | $82.50 |
| Attending hearing - 1.0 hours | $165. 00 |
| Draft/revision of Memorandum of Fees | $330.00 |

II.     **Order to Show Cause.**

Plaintiffs have still not complied with the court' Order (Dkt. #32) directing Plaintiffs to respond to Defendant's written discovery requests. Plaintiffs were warned that failure to comply with the court's Order (Dkt. #32) could result in sanctions, up to and including a recommendation to the district judge that this case be dismissed for failure to respond to overdue discovery requests, failure to prosecute, failure to respond to the Motions to Compel, and failure to comply with the court's Order.

Accordingly,

**IT IS ORDERED:**

1. Plaintiffs are sanctioned in the amount of $1716.00, as set forth above, which shall be paid to counsel for Defendant no later than **September 16, 2013.**

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

2.   Plaintiffs shall show cause, in writing, no later than **4:00 p.m. on September 16, 2013,** why this case should not be dismissed for Plaintiffs' failure to respond to overdue discovery requests, failure to prosecute, failure to respond to the Motions to Compel, and failure to comply with the court's Order (Dkt. #32).

Dated this 28th day of August, 2013.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**



# CENTS Search Results

Change Password   Change Secret Question   Contact Us   Search Tips

**Search Results**

Didn't find what you were looking for? Start a New Search

Show results 1 - 3 of 3                                          Time Taken (s):0.797

| Sender | Recipient | Subject | Date | Last State | IronPort Host |
|---|---|---|---|---|---|
| cmecf@nvd.uscourts.gov | steveabowers@gmail.com | Activity in Case 2:12-cv-00341-MMD-PAL W ... | 07/23/13 18:11:23 -04 | Message Successfully delivered to steveabowers@gmail.com at 173.194.77.26. Response '2.0.0 OK 1374617486 kx2si19731421obb.38 - gsmtp' | 156.119.43.22 |
| cmecf@nvd.uscourts.gov | steveabowers@gmail.com | Activity in Case 2:12-cv-00341-MMD-PAL W ... | 07/23/13 14:14:47 -04 | Message Successfully delivered to steveabowers@gmail.com at 173.194.77.26. Response '2.0.0 OK 1374603288 qq3si19200918oeb.28 - gsmtp' | 156.119.43.22 |
| cmecf@nvd.uscourts.gov | steveabowers@gmail.com | Activity in Case 2:12-cv-00341-MMD-PAL W ... | 07/22/13 17:39:27 -04 | Message Successfully delivered to steveabowers@gmail.com at 173.194.76.27. Response '2.0.0 OK 1374529168 h2si12197969qah.63 - gsmtp' | 156.119.43.22 |

Logged in as: guest@nvd.uscourts.gov (Logout)

Questions/Comments? dc@support.aotx.uscourts.gov

AO-OIT-SDSD
7550 IH-10 West, Suite 1100
San Antonio, TX 78229-5818